In re BELIZE AIRWAYS LIMITED,
Debtor.

A & S SALES & LEASING,
INC., Plaintiff,

v.

BELIZE AIRWAYS LIMITED, Debtor,
and William D. Seidle, Trustee,
Defendants.

Bankruptcy No. 80–00199–BKC–SMW.

Adv. No. 80–0195–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Nov. 20, 1980.

Jerry Markowitz, Atty. for the debtor.

Cynthia L. Augustyn, Atty. for the trustee.

William M. Manker, Atty. for the plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

These matters were tried by the Court on November 6, 1980. The Court having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the argument of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

On August 19, 1980, A & S Sales and Leasing, Inc. ("A & S") filed an adversary proceeding to recover property of the estate under 11 U.S.C. § 1110. The Trustee filed an answer and a counterclaim to determine

the validity, priority and extent of lien on property of the estate of the Debtor, which was later amended to seek recovery of property or the value of property pursuant to 11 U.S.C. § 549, or, in the alternative, 11 U.S.C. § 547.

The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1471(b).

Prior to the trial, the parties agreed upon the following facts:

1. A & S conditionally sold certain equipment to Belize Airways Limited ("BAL"), which included one air–conditioning truck, two ground power units, three forklifts, two air–search airstart units, two tugs, and one commissary truck and also may have included two belt loaders which may be in Central America. A & S may have sold other equipment to BAL; however, the Trustee never had possession of any equipment other than that listed above.

2. The agreements for sale provided in each instance that BAL was to pay a certain amount per day for each piece of equipment, and provided that at the end of 36 months, upon payment of $1.00, the equipment was to become the property of BAL.

3. BAL was billed monthly by A & S and made the monthly payments, including sales tax, on this equipment until some time in 1979. Payments made by BAL totalled approximately $70,000.00. The balance remaining pursuant to the contracts totals approximately $71,000.00.

4. None of the equipment sold to BAL by A & S is equipment used or capable of being or intended to be used in the navigation, operation, or control of aircraft during flight. This equipment is used while the aircraft is on the ground.

5. A & S never filed a financing statement, either with the Secretary of State of Florida or with the Federal Aviation Administration Aircraft Registry in Oklahoma City, Oklahoma.

6. The following equipment remains in the possession of BAL: one air–conditioning truck, one ground power unit, and three forklifts, one air–search airstart unit and one commissary truck.

7. A & S took possession of two tugs and one ground power unit from Hanger 8 some time after the Trustee was appointed in this case. A & S thereafter received payment from Aeroservices International, Inc. ("Aeroservices") for the use of this equipment, which is now in the possession of Aeroservices.

Section 1110 of the Bankruptcy Code allows a secured party, lessor or conditional vendor of aircraft, aircraft engines, propellers, appliances, or spare parts to recover possession of the equipment in compliance with the terms of the security agreement or contract, unless the Trustee agrees before 60 days after the order for relief is entered to perform all obligations of the debtor that become due and cures any defaults. This section of the code incorporates the definitions of aircraft engines, aircraft propellers, appliances or spare parts which are set out in § 101 et seq. of the Federal Aviation Act of 1958 (49 U.S.C. § 1301 et seq.).

■ Based upon the foregoing agreed facts, A & S is not entitled to recover this equipment from the Trustee under § 1110 of the Bankruptcy Code since the equipment conditionally sold does not fall within the terms of the definitions contained in the Federal Aviation Act. None of the equipment can be considered an appliance as defined in the Federal Aviation Act since it is not used or capable of being or intended to be used in the navigation, operation or control of aircraft during flight.

■ The Trustee has counterclaimed to determine the validity, extent and priority of A & S's lien on the equipment which it sold to BAL. Since A & S filed no financing statement, either with the Federal Aviation Administration Registry or with the Florida Secretary of State, any security interest in the equipment claimed by A & S is void as against the Trustee. § 544 of the Bankruptcy Code.

The Trustee has also filed a counterclaim seeking to recover property or its value from Morris Applebaum and Marge Salstein

(as trustees of the dissolved corporation, discussed below) alleging that A & S or Morris Applebaum repossessed certain items of equipment which A & S previously had conditionally sold to BAL.

Morris Applebaum, President of A & S, testified that the conditional sale contract with BAL was terminated shortly after BAL stopped making payments on the equipment in mid–1979. However, no evidence was introduced which indicated that the equipment had been repossessed or the contract terminated at this time. Rather, the equipment remained on BAL's premises from the date of its delivery until the Trustee was appointed, with the exception of a brief period of time when the equipment was moved off the premises by BAL employees and shortly thereafter returned to the premises by them.

Based upon the testimony of Mr. Applebaum and Mr. Fred Wight, President of Aeroservices, the Court finds that Mr. Applebaum contracted with Aeroservices to sell or lease two tugs and a ground power unit which A & S had previously sold to BAL. Although negotiations between Mr. Applebaum and Aeroservices for the purchase or lease of this equipment may have commenced in November 1979, based on Mr. Wight's testimony that Aeroservices began to use the equipment shortly before the Trustee was appointed, and began to pay for this equipment after the Trustee was appointed (April 4, 1980), the Court finds that Mr. Applebaum repossessed the two tugs and ground power unit after the case was commenced. This repossession was not authorized under the Bankruptcy Code nor by this Court.

Mr. Applebaum testified that he had a conversation with the Trustee regarding this equipment, and that the Trustee told him that the equipment belonged to the estate of BAL. Despite this conversation, Mr. Applebaum contracted with Aeroservices to sell or lease the equipment to them for $1,000 per month. Although Mr. Applebaum testified that the exact terms of the contract never were made final, based on Mr. Wight's testimony of the terms of the contract, the Court finds that Aeroservices agreed to pay Mr. Applebaum $16,000 for the two tugs and the ground power unit at a rate of $1,000 per month, of which Aeroservices has paid approximately $8,000.

A & S was involuntarily dissolved in December 1978, for failure to file an annual report as required by law. The status of A & S was raised by the Trustee's answer filed on September 15, 1980. At the trial of this matter on November 6, 1980, Mr. Sidney Salstein, a director of the corporation, testified that he had previously paid the corporate taxes to the Secretary of State in Miami. However, counsel for A & S was unable to produce a certificate from the Secretary of State or any other evidence to show that A & S had, in fact, been reinstated. The Court gave counsel for Mr. Applebaum and A & S five days after the date of trial to produce such documentation. Since this was not done and no satisfactory proof of reinstatement of A & S was offered, the Court has the authority to enter its judgment against Morris Applebaum and Marge Salstein, the last board of directors of A & S, as trustees of the dissolved corporation. *See, Marinelli v. Weaver*, 208 So.2d 489 (2d DCA 1968).

According to the provisions of § 549 of the Bankruptcy Code, the Trustee is entitled to avoid a transfer of property of the estate that occurs after the commencement of the case that is not authorized under the Bankruptcy Code or by the Court. Pursuant to § 550 of the Bankruptcy Code, the Trustee may recover the property or the value of such property. *Collier* states that when recovery of the property is impractical, the Trustee may recover the proceeds of the sale of the property to a third party. 4 Collier on Bankruptcy (15th Ed.) ¶ 550.02. In this case, since the property has been sold to Aeroservices, the Trustee is entitled to recover the amount of money Aeroservices agreed to pay for the equipment from Morris Applebaum and Marge Salstein, as Trustees for A & S, a dissolved corporation.

The Court will enter a judgment in accordance with these findings of fact and conclusions of law.