In re **PEGASUS INTERNATIONAL TRAVEL CLUB, Debtor.**

**PEGASUS DEBENTURE COMMITTEE, Plaintiff,**

v.

**Robert L. KNUPP, Esquire, Trustee for Pegasus International Travel Club, Defendant.**

**Bankruptcy No. 79–504.**

United States Bankruptcy Court, M. D. Pennsylvania.

Dec. 15, 1981.

Edward W. Rothman, Berman, Boswell, Snyder, & Tintner & McNees, Wallace & Nurick, Leonard Tintner, Harrisburg, Pa., for debtor.

Harry L. Bricker, J., Harrisburg, Pa., for debenture committee and debenture holders.

Robert L. Knupp, Knupp & Andrews, Harrisburg, Pa., Trustee.

**MEMORANDUM AND ORDER DENYING SECURED STATUS**

THOMAS WOOD, Bankruptcy Judge.

In this dispute the creditors of the debtor in bankruptcy claim a security interest in the proceeds of one of the debtor's assets which was sold following the commencement of bankruptcy. The trustee argues that the creditors did not have a perfected security interest in the asset and have no entitlement to the proceeds.

Pegasus International Travel Club, Inc., (Pegasus) executed a security agreement in

favor of certain debenture holders granting them a security interest in a Douglas DC–8–21 aircraft which was titled in the name of Pegasus, now a debtor in bankruptcy. Appropriate financing statements were filed pursuant to Article 9 of the Pennsylvania Uniform Commercial Code. However, an appropriate filing was not made with the United States Secretary of Transportation. The issue before the court is the validity of the security interest claimed by the bondholders. Their entitlement to the proceeds of the trustee's sale of the airplane concerned depends upon there being a valid security interest.

There is a national system for recording title and security interests in aircraft and specified aircraft parts. It is provided by 49 U.S.C. § 1403, which states in part:

> (c) No conveyance or instrument the recording of which is provided for by subsection (a) of this section shall be valid in respect of such aircraft, aircraft engine or engines, propellers, appliances, or spare parts against any person other than the person by whom the conveyance or other instrument is made or given, his heir or devise, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the office of the Secretary of Transportation.

From this it is clear that the security interest claimed by the debenture holders was not a valid security interest in the Douglas DC–8–21. *State Securities Co. v. Aviation Enterprises*, 355 F.2d 225 (10th Cir. 1966).

### ORDER

AND NOW, this 15th day of December, 1981, the claim of the debenture holders of Pegasus International Travel Club, Inc., against the proceeds of the sale of the Douglas DC–8–21 is denied. SO ORDERED.