PIERCE, Circuit Judge:
 

 This is a direct appeal from a final order of the United States Bankruptcy Court for the District of Vermont, Charles J. Marro,
 
 Bankruptcy Judge,
 
 dated May 17, 1984, dismissing an application by appellant California Chieftan (“Chieftan”), a secured creditor, for an order compelling appellee Air Vermont, Inc. (“Air Vermont”), a debt- or-in-possession, to abandon certain property in its estate. 39 B.R. 875.
 

 Chieftain maintains that, as a conditional vendor of an aircraft to the vendee Air Vermont, it has a right, pursuant to 11 U.S.C. § 1110, to repossess the aircraft from Air Vermont, since the latter has defaulted on its payments. Air Vermont contends that, because Chieftan failed to perfect its security interest in the subject aircraft, it may not avail itself of any right to repossess under 11 U.S.C. § 1110.
 

 The bankruptcy court held that a creditor with an unperfected security interest in an aircraft may not repossess the aircraft pursuant to 11 U.S.C. § 1110. The court therefore denied appellant’s motion which sought compulsory abandonment by Air Vermont of its interest in the aircraft.
 

 We hold that, pursuant to 11 U.S.C. § 1110, the conditional vendor of the subject commercial aircraft should be permitted to repossess the aircraft from the debt- or-in-possession herein in view of Air Vermont’s default, even though Chieftan’s interest is unperfected. We therefore reverse the decision of the bankruptcy court.
 

 BACKGROUND
 

 Appellant Chieftan is a partnership consisting of W.M. Francis, W.M. Francis, Jr., and J.W. Coleman. With financing from the Bank of America, the partnership purchased a 1977 Piper Navajo aircraft (the “aircraft”).
 

 On April 27, 1982, Chieftan and Air Vermont, an air taxi operator and commuter
 
 *131
 
 air carrier operating under a certificate of convenience and necessity issued by the Civil Aeronautics Board, 14 C.F.R. §§ 201.-1-.5 (1984), executed a contract for the conditional sale of the aircraft from Chief-tan to Air Vermont. The conditional sales contract gives Chieftan the right to repossess and resell the aircraft in the event of a default by Air Vermont. The contract also states that the purchase of the aircraft by Chieftan had been financed with a loan from Bank of America, Santa Ana Main Branch, Santa Ana, California. The aircraft was not registered in the name of Air Vermont with the Federal Aviation Administration (“FAA”), as required by 14 C.F.R. §§ 47.1-.51 (1984), nor was a copy of the contract filed with the Aircraft Registration Branch of the FAA.
 

 On January 31,1984, having defaulted on payments under the conditional sales contract, Air Vermont filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code. On March 7, 1984, Chieftan moved in the bankruptcy court for an order to compel Air Vermont to abandon the aircraft pursuant to 11 U.S.C. § 1110. After notice and a hearing, on March 13, 1984, the bankruptcy court granted Chief-tan’s motion, which had not been opposed by Air Vermont, and ordered that Chieftan could take possession of the aircraft for purposes of resale, subject to the condition that, within two weeks, Chieftan would provide documentation of a perfected security interest in the aircraft. The aircraft was surrendered by Air Vermont to Chief-tan, pursuant to the order.
 

 Following a second hearing on April 13, 1984, the bankruptcy court learned that the conditional sales contract had not been filed with the FAA. Chieftan urged, however, that the order to abandon property should nevertheless be continued pursuant to 11 U.S.C. § 1110. Air Vermont, on the other hand, moved to vacate the bankruptcy court’s order of March 13, 1984, due to the absence of a perfected security interest. On April 14, 1984, the bankruptcy court granted Air Vermont’s motion, vacated its prior order, and ordered Chieftan “not to sell, lease or otherwise dispose of said aircraft, nor turnover the aircraft to any other secured or unsecured party.”
 

 The bankruptcy court, by order dated May 17, 1984, denied Chieftan’s motion for an order directing Air Vermont to abandon the aircraft under 11 U.S.C. § 1110. The court held that a creditor who has failed to perfect its security interest in an aircraft by filing with the FAA may not avail itself of any right to repossess under 11 U.S.C. § 1110. In accordance with 28 U.S.C. § 1293(b), direct appeal was made to this Court by agreement of the parties.
 

 DISCUSSION
 

 The estate of a debtor who file's a petition for bankruptcy includes, among other things, “all legal or equitable interests of the debtor in property
 
 as of the commencement of the case.”
 
 11 U.S.C. § 541(a)(1) (emphasis added). Moreover, it is on this date that the debtor-in-possession, or the trustee, becomes a hypothetical lien creditor who may avoid an unperfected security interest. 11 U.S.C. § 544. Herein, as of the date that Air Vermont filed its petition for bankruptcy, i.e., as of January 31,1984, Chieftan had not perfected its security interest pursuant to the requirements of 49 U.S.C. § 1403. Therefore, absent some exception, Air Vermont, as the debtor-in-possession, could avoid Chieftan’s security interest.
 
 In Re O.P.M. Leasing Services, Inc.,
 
 23 B.R. 104, 116 (Bankr.S.D.N.Y.1982);
 
 In Re Jerome,
 
 31 B.R. 266, 268 (Bankr.D.Vt.1983).
 

 Chieftan argues that 11 U.S.C. § 1110 provides an exception that grants it the power to repossess the aircraft. According to Chieftan, although a debtor-in-possession, as a hypothetical lien creditor, may avoid the assertion of an unperfected security interest pursuant to § 544 of the Bankruptcy Code, § 1110 requires special preferred treatment for security interests in aircraft and is unaffected by § 544.
 

 In essence, § 1110 of the Bankruptcy Code does permit a conditional vendor of specified aircraft to repossess the aircraft if the debtor defaults on its debt, provided
 
 *132
 
 such repossession is in accordance with the conditional sales contract, despite the usual protections afforded to debtors-in-possession or trustees pursuant to the Bankruptcy Code.
 

 Section 1110 states in pertinent part: The right of a ... conditional vendor of ... aircraft, ... that are ... conditionally sold to, a debtor that is an air carrier operating under a certificate of convenience and necessity issued by the Civil Aeronautics Board, ... to take possession of such equipment in compliance with the provisions of a ... conditional sale contract ... is not affected by section 362 or 363 of this title or by any power of the court to enjoin such taking of possession,....
 

 11 U.S.C. § 1110
 
 [1]
 
 (1978).
 

 The bankruptcy court offered three reasons in support of its conclusion that a secured creditor may not avail itself of § 1110 if its conditional sales contract is unperfected, as is the case herein. We find these reasons to be unpersuasive.
 

 First, the bankruptcy court points to the legislative history of § 1110 and states that the “legislative history does not stand for the proposition that the holder of an unper-fected security interest in aircraft or vessels is to be afforded the same or more rights than are available to secured creditors holding perfected security interests.” However, our own reading of the legislative history and statutory scheme of § 1110 causes us to conclude that Congress did intend to extend extraordinary protection to financiers of aircraft in order to encourage investment in new equipment for air carriers, especially small ones such as Air Vermont. H.R.Rep. No. 944, 85th Cong., 1st Sess. 2 (1957),
 
 reprinted in
 
 1957 U.S. Code Cong. & Ad.News 1926, 1927; S.Rep. No. 1032, 85th Cong., 1st Sess. 6 (1957) (Statement of Rep. Flynt); H.R.Rep. No. 595, 95th Cong., 1st Sess. 238-39 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad. News 5787, 5963, 6198. Chieftan correctly contends that Congress intended to encourage this investment, by providing that the power of creditors to repossess aircraft from a defaulting debtor not be restricted in any way by the usual protections afforded debtors-in-possession or trustees by the Bankruptcy Code. According to the report
 
 *133
 
 of the Senate Judiciary Committee, the purpose of section 116(5), the immediate predecessor to § 1110,
 
 [2]
 
 “[was] to provide that the parties to a lease or conditional sale of specified aircraft equipment be rendered
 
 immune
 
 from the provisions of chapter X of the Bankruptcy Act in regard to the repossession of such property.” S.Rep. No. 1032, at 2 (emphasis added).
 
 [3]
 
 The report of the House Judiciary Committee contains a virtually identical statement of purpose. H.R.Rep. No. 944, at 2. In addition, we are unaware of any reference to the need for recording in the legislative histories of either § 1110 or § 116(5).
 

 Next, the bankruptcy court cites two cases to support its position that if a creditor holding a security interest in aircraft does not record the security instrument with the FAA pursuant to 49 U.S.C. § 1403, his security interest is subordinate to the rights of either a trustee or a debtor-in-possession. Both cases, however, are in-apposite. In both
 
 In re Pagasus International Travel Club,
 
 15 B.R. 842 (Bankr.M.D.Pa.1981) and
 
 Feldman v. First National City Bank,
 
 368 F.Supp. 1333 (S.D.N.Y.1974),
 
 rev’d,
 
 511 F.2d 460 (2d Cir.1975), § 1110 was inapplicable because the debtors were not air carriers under FAA regulations, as required by § 1110.
 

 Moreover, contrary to Air Vermont’s contention,
 
 In re Belize Airways Limited,
 
 7 B.R. 601 (Bankr.S.D.Fla.1980), a case in which a conditional vendor attempted to rely on § 1110 to repossess collateral, does not indicate that filing is material to a creditor’s power under § 1110.
 

 In
 
 Belize Airways,
 
 the creditor had conditionally sold certain ground equipment, but had not recorded the sales contract with the FAA or state authorities. The bankruptcy court held that the creditor could not repossess under § 1110 because “the equipment conditionally sold does not fall within the terms of the definitions contained in the Federal Aviation Act ... since it is not used or capable of being or intended to be used in the navigation, operation or control of aircraft during flight.”
 
 Id.
 
 at 602. Since the creditor could not avail itself of § 1110, the court held the creditor’s otherwise unperfected security interest to be void as against the trustee under 11 U.S.C. § 544.
 
 Id.
 

 Belize Airways
 
 thus holds that the conditional vendor could not repossess under § 1110 because the first element of § 1110, i.e., the requisite type of equipment, was not satisfied. The court stated that, given the absence of protection under § 1110, the conditional vendor’s position was that of an ordinary secured creditor, which could be defeated by the trustee under § 544 for lack of perfection by filing. As noted, the
 
 Belize Airways
 
 court did not point to the lack of filing as having any bearing on the creditor’s power under § 1110.
 

 The third reason cited by the bankruptcy court to support its position that the rights provided by § 1110 are not available to a vendor whose interest is unperfected relates to the actual language of § 1110. Section 1110 states in part that “[t]he right of a ... conditional vendor ... to take possession ... is not affected by section 362 or 363 of this title or by any power of the court to enjoin such taking of possession ...” According to the bankruptcy court, since Congress explicitly stated that the right to possess existed notwithstanding §§ 362 and 363 (the automatic stay provisions), if Congress had wanted § 1110 to override § 544 (granting a hypothetical lien creditor rights superior to those of a creditor with an unperfected security interest), it would have said so. The bankruptcy court concluded that the omission of
 
 *134
 
 § 544 meant that Congress did not intend § 1110 to abrogate § 544.
 

 From our perspective, however, we think it more significant that § 1110 makes no mention whatsoever that a conditional sales contract must be recorded in order for § 1110 to apply. Rather, § 1110, on its face, empowers a vendor of aircraft pursuant to a conditional sales contract to repossess the aircraft provided only that elements of the section are satisfied. As Chieftan argues, since the statute is unambiguous on its face in this respect, and since this is not one of those “rare and exceptional circumstances [when there is] something to make plain the intent of Congress that the letter of the statute is not to prevail,”
 
 Crooks v. Harrelson,
 
 282 U.S. 55, 60, 51 S.Ct. 49, 51, 75 L.Ed. 156 (1930), quoted in
 
 Tennessee Valley Authority v. Hill,
 
 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298 n. 33, 57 L.Ed.2d 117 (1978), the statute’s literal meaning must be applied, and no condition of recording may be superimposed on the requirements explicitly specified in order for § 1110 to apply. Furthermore, since the language of § 1110 goes beyond excluding merely §§ 362 and 363 and, if the requirements of § 1110 are satisfied, allows creditors to repossess notwithstanding “any power of the court to enjoin such taking of possession,” the bankruptcy court is unable to grant relief to a trustee or a debtor-in-possession by virtue of its powers under § 544 or under any other provision of law. Thus, provided the requirements for applicability of § 1110 are satisfied herein, the bankruptcy court was precluded from preventing Chieftan from repossessing the aircraft.
 

 According to appellant Chieftan, all of the express requirements for repossession set forth in § 1110 have been satisfied. Chieftan is a conditional vendor; the collateral is an aircraft; Air Vermont is an air carrier operating under FAA regulation; and the conditional sales contract provides that Chieftan may repossess the aircraft if Air Vermont defaults in its obligations thereunder. Since the bankruptcy court found that Air Vermont has defaulted on its payments and has neither cured nor acted to cure the pre-petition default under § 1110(a)(1), (2), Chieftan contends that it has the right, pursuant to § 1110, to repossess the aircraft.
 

 Air Vermont maintains, however, that one of the requirements for repossession under § 1110 has not been satisfied. It contends that the ability of a conditional vendor to exercise the right afforded by § 1110 is contingent upon there being a valid agreement from which the right to repossess arises. While admitting that the subject contract provides that Chieftan may repossess the aircraft if Air Vermont defaults, it argues that since Chieftan failed to record its conditional sales contract as required by 49 U.S.C. § 1403(a), the contract is invalid based upon 49 U.S.C. § 1403(c), and Chieftan is not entitled to the benefits afforded conditional vendors of aircraft by virtue of § 1110.
 

 Pursuant to § 1301(19) of title 49 of the United States Code, a contract for the conditional sale of civil aircraft falls within the purview of the Federal Aviation Act. According to the Federal Aviation Act, 49 U.S.C. § 1403(a), the Administrator (Secretary of Transportation) shall establish and maintain a system for the recording of,
 
 inter alia,
 
 “[a]ny ... contract of conditional sale, or other instrument executed for security purposes, which ... affects the title to, or any interest in, any specifically identified aircraft engine or engines....” Furthermore, 49 U.S.C. § 1403(c) states that “[n]o conveyance or instrument the recording of which is provided for by [§ 1403(a) ] shall be valid ... against any person other than the person by whom the conveyance or other instrument is made or given, ... until such conveyance or other instrument is filed for recordation in the office of the Secretary of Transportation.”
 

 Based on these statutory provisions, Air Vermont contends that the conditional sales contract herein is not valid, since it was not filed with the FAA. Therefore, according to Air Vermont, one of the conditions of § 1110 has not been satisfied, i.e., the requirement that the right to repossess be in compliance with a valid conditional sales contract, and hence Chieftan may not repossess the aircraft pursuant to § 1110.
 

 
 *135
 
 Indeed, as Air Vermont states, 49 U.S.C. § 1403(a), (c) does state a general requirement that a conditional sales contract conveying an interest in aircraft be recorded in order for the contract to be valid. Section 1403(c), however, states an exception, which is applicable to this case.
 

 Section 1403(c) states that “[n]o conveyance or instrument the recording of which is provided for by [§ 1403(a) ] shall be valid ... against any person
 
 other than the person by whom the conveyance or other instrument is made or given,
 
 ... until such conveyance or other instrument is filed for recordation in the office of the Secretary of Transportation.” 49 U.S.C. § 1403(c) (emphasis added). Under the terms of that statute, the conditional sales contract allowing Chieftan to repossess in the event Air Vermont defaults is valid between the parties,
 
 see Philko Aviation, Inc. v. Shacket,
 
 462 U.S. 406, 103 S.Ct. 2476, 2481, 76 L.Ed.2d 678 (1983), and provides a basis for repossession. In our view, that is all § 1110 requires.
 

 Accordingly, because all of the statutory conditions for repossession under § 1110 have been satisfied, we reverse and remand to the bankruptcy court for further proceedings consistent herewith.
 

 Reversed and remanded.
 

 [1]
 

 . 11 U.S.C. § 1110 provides in its entirety as follows:
 

 § 1110. Aircraft equipment and vessels (a) The right of a secured party with a purchase-money equipment security interest in, or of a lessor or conditional vendor of, whether as trustee or otherwise, aircraft, aircraft engines, propellers, appliances, or spare parts, as defined in section 101 of the Federal Aviation Act of 1958 (49 U.S.C. 1301), or vessels of the United States, as defined in subsection B(4) of the Ship Mortgage Act, 1920 (46 U.S.C. 911(4)), that are subject to a purchase-money equipment security interest granted by, leased to, or conditionally sold to, a debt- or that is an air carrier operating under a certificate of convenience and necessity issued by the Civil Aeronautics Board, or a water carrier that holds a certificate of public convenience and necessity or permit issued by the Interstate Commerce Commission, as the case may be, to take possession of such equipment in compliance with the provisions of a purchase-money equipment security agreement, lease, or conditional sale contract, as the case may be, is not affected by section 362 or 363 of this title or by any power of the court to enjoin such taking of possession, unless—
 

 (1) before 60 days after the date of the order for relief under this chapter, the trustee, subject to the court’s approval, agrees to perform all obligations of the debtor that become due on or after such date under such security agreement, lease, or conditional sale contract, as the case may be; and
 

 (2) any default, other than a default of a kind specified in section 365(b)(2) of this title, under such security agreement, lease, or conditional sale contract, as the case may be—
 

 (A) that occurred before such date is cured before the expiration of such 60-day period; and
 

 (B) that occurs after such date is cured before the later of—
 

 (i) 30 days after the date of such default; and
 

 (ii) the expiration of such 60-day period.
 

 (b) The trustee and the secured party, lessor, or conditional vendor, as the case may be, whose right to take possession is protected under subsection (a) of this section may agree, subject to the court’s approval, to extend the 60-day period specified in subsection (a)(1) of this section.
 

 [2]
 

 . Section 116(5) of the Bankruptcy Act of 1898, former 11 U.S.C. § 516(5) (repealed effective Oct. 1, 1979, Pub.L. No. 95-598, §§ 401, 402(a), 92 Stat. 2549, 2682).
 

 [3]
 

 . Section 116(5) of the Bankruptcy Act of 1898 applied only to proceedings under old Chapter X. Section 1110, however, not only expanded the coverage of creditor protection, but also applies to proceedings under present Chapter 11, which combines old Chapters X and XI. H.R.Rep. No. 595, 95th Cong., 1st Sess. 241 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. Ad. News 5963, 6200, 6361.
 
 See
 
 W.M. Collier, 5
 
 Collier On Bankruptcy
 
 § 1110.01[1], [3] (15th ed. 1983).