In re Theodore and Edith
**ROBINSON, Debtors.**

Theodore **ROBINSON**, Edith
Robinson, Plaintiffs,

v.

Edward **TAYLOR**, Defendant,

v.

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Defendant.**

Bankruptcy Nos. 86 B 454, 86 A 138.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Nov. 30, 1987.

Kevin Brill, Chicago, Ill., for debtors Theodore and Edith Robinson.

Richard L. Hirsch, Bashaw & Associates, Hinsdale, Ill., for Federal Nat. Mortg. Ass'n.

Patricia Hegerty Vavra, Chicago, Ill., for Edward Taylor.

## MEMORANDUM OPINION AND ORDER

ERWIN I. KATZ, Bankruptcy Judge.

On January 10, 1986, Theodore Robinson and Edith Robinson (debtors) filed for protection under Chapter 13 of the Bankruptcy Code. On February 14, 1986, the debtors filed this adversary action entitled, "Complaint to Avoid Fraudulent Transfer" against defendants, Edward Taylor (Taylor) and Federal National Mortgage Association (FNMA). Both Taylor and FNMA have filed motions to dismiss the complaint. The parties have submitted briefs.

The complaint alleges that the debtors were the owners of a property located at 10227 South Prospect, Chicago, Illinois. On June 26, 1985, a sheriff's sale of the debtor's property was held pursuant to a Decree of Foreclosure entered by the Circuit Court of Cook County. Taylor was the successful bidder at the sale in the amount of $19,500. The redemption period under Illinois law expired on December 26, 1985, Ill.Rev.Stat., Ch. 110, Sec. 12–122 (1985). The filing of this Chapter 13 petition followed on January 10, 1986. The debtor further alleges that the property has a market value in excess of seventy thousand dollars ($70,000) so that the sales price at the foreclosure was not a "reasonably equivalent value" under the holding of *Durrett v. Washington National Insurance, Co.*, 621 F.2d 201 (5th Cir.1980). The complaint further alleges that as a result of the sale of the debtors' only asset, they became insolvent.

Numerous additional factual allegations are set forth in the memorandum of law filed in support of the debtors' complaint. Inasmuch as they have not been included in the pleadings, nor have the pleadings been supplemented or amended so as to bring the additional facts before the court for its consideration, those facts will not be considered. See Bankruptcy Rule 7012.

Defendant Taylor asserts that Debtors do not have standing to maintain this action. The court agrees with those cases holding that Chapter 13 debtors have all the avoiding powers of a trustee. As Judge Ginsberg reasoned in *Matter of Einoder*, 55 B.R. 319 (Bankr., N.D.Ill, 1985); to say that a Chapter 13 trustee, who clearly has standing, but little, if any, incentive to bring these actions is the only representative of the bankruptcy estate and that the debtors themselves, who will benefit to the extent of their exemption if they prevail in the action, do not have standing, is to raise legal formalism over realism. See *Einoder* for a full discussion.

No facts are alleged as against defendant FNMA. It should be noted that the briefs for both sides concede that the mortgage holder was FNMA and that the foreclosure sale was held pursuant to an action instituted by FNMA to foreclose on the mortgage.

For the reasons stated, this court will enter an order dismissing the complaint filed herein with leave to amend.

Section 548 of the Bankruptcy Code, 11 U.S.C. 548, provides, in pertinent part, as follows:

(a) The trustee may avoid any transfers of an interest of the debtor in property,

or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

Under Section 101 of the Bankruptcy Code, 11 U.S.C. § 101(50) transfer is defined as follows:

(50) "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption;

Defendant FNMA has filed a motion to dismiss pursuant to Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Defendant Taylor has filed a similar motion and also asserts that debtors are barred from proceeding with the adversary under a theory of estoppel; that the debtors were not insolvent; and that the debtors have no standing to pursue defendant Taylor inasmuch as he was not a creditor of debtors.

■ The issue presented is whether a mortgage foreclosure sale, held in ordinary course, which results in a sale to an unrelated third party, can be construed as a conveyance which may be violative of the provisions of § 548(a)(2).

There is a conflict among the circuits on the issue of whether a regularly held mortgage foreclosure sale can ever be a fraudulent transfer under the Bankruptcy Code, and further whether or not an irrebutable presumption arises, from a regularly held foreclosure sale to an unrelated third party, that the sale was for a reasonable equivalence. The Fifth Circuit, in the lead case of *Durrett v. Washington National Insurance Co.*, 621 F.2d 201 (5th Cir.1980)

held that 70% of the fair market value must be received to meet the test of reasonable equivalence. See also *Matter of Berge*, 33 B.R. 642 (Bankr.W.D.Wisc.1983) and *Abramson v. Lakewood Bank and Trust Co.*, 647 F.2d 547 (5th Cir.1981).

In *In re Madrid*, 21 B.R. 424 (9th Cir. BAP 1982) the Bankruptcy Appellate Panel held that a reasonable equivalence is paid, as a matter of law, when there is a regularly conducted foreclosure sale overruling the Bankruptcy Court finding that the sale constituted a fraudulent transfer. On appeal, the Ninth Circuit held that the transfer occurred more than one year prior to the filing of the bankruptcy petition and therefore could not be voided as a fraudulent transfer under § 548(a)(2)(A), *In re Madrid*, 725 F.2d 1197 (9th Cir.1984). Although basing the holding on other grounds, the court expressed their view that § 548 of the Bankruptcy Code should not be applied to avoid a transfer where the property has been sold at a foreclosure sale pursuant to state law.

In *In re Coleman*, 21 B.R. 832 (Bankr.S. D.Texas 1982), the court applied the 70% *Durrett* standard, and compared the price received to the debtor's equity. While the court did not explain its reasoning, the court apparently considered the "harm to the debtors" of a sale for less than the value of the property to be their loss of the amount of the equity in the property without consideration of other interests the debtors might have in the property such as the right of possession. In *In re Perdido Bay Country Club Estates, Inc.*, 23 B.R. 36 (Bankr.S.D.Fla.1982), the court, in applying the *Durrett* standard, took into consideration such factors as the extensive advertising, the number of bidders, and the business acumen of the parties.

The court in *In re Ristich*, 57 B.R. 568 (Bankr.N.D.Ill.1986), held that a sale to a third party purchaser is presumably reasonable equivalent value absent a showing of actual fraud or collusion recognized under state law.

There have also been a number of law review articles on the subject.[1]

In a well-reasoned opinion, Judge Schmetterer of this Court discussed the applicability of § 548 in light of the Illinois law. *In re Ristich,* 57 B.R. 568 (Bankr.N.D.Ill.1986). Some of the issues contained in the *Ristich* case are not present in this case inasmuch as all of the "acts of transfer" in the present case occurred within one year of the filing of the petition.

This court agrees with Judge Schmetterer's analysis of Illinois law and of the various decisions. This court must, however, disagree with Judge Schmetterer's conclusion in *Ristich* that an irrebutable presumption arises upon a foreclosure sale to an unrelated third party. This court further disagrees with the *Durrett* standard of seventy per cent.

Under Section 548, the Bankruptcy Code imposes a test to be applied under the bankruptcy law for bankruptcy purposes. No reference is made to the laws of the various states or to any requirement of an actual intent to defraud. Unlike those sections which deal with the creation and perfection of a security interest, which do rely upon state law, § 548 requires that the bankruptcy court make a factual determination of whether a reasonably equivalent value was given for any transfer of property of the debtor that otherwise falls within the terms of § 548.

As stated by Judge Volinn in his dissenting opinion in *In re Madrid,* 21 B.R. 424 (9th Cir. BAP 1982).

> The Bankruptcy Code is a federal statute. § 548 states a standard with respect to reviewing consideration in the event of a transfer of the debtor's property. Section 548 transcends the dispute between this debtor and the secured creditor. It brings into focus the claims of the debtor's other creditors that they

have been deprived of recourse to an asset by an improvident sale.

This court is in agreement with the holding of *In re Hulm,* 738 F.2d 323 (8th Cir. 1984), *cert den.* 469 U.S. 990, 105 S.Ct. 398, 83 L.Ed.2d 331 (1984) which stated:

> We do not believe that the sale price at a regularly conducted foreclosure sale, although absent fraud or collusion, can automatically be deemed to provide a reasonably equivalent value in exchange for the interest of the debtor transferred within the meaning of § 548(a). In our view, the question of whether the sale provided a reasonably equivalent value cannot be answered without an evidentiary hearing.

The court is urged to consider the effect that voided transfers might have on lenders and on purchasers at foreclosure sales and to base its ruling on such policy considerations. See generally, *In the Matter of Tynan,* 773 F.2d 177 (7th Cir.1985). The court is mindful that the voiding of a foreclosure sale is a harsh result, especially where the purchaser is a third party rather than the mortgagee. However, this court notes that there are no exceptions stated in § 548, although Congress could have excepted certain foreclosure sales if it so wished.

Regarding Congressional intent, it should be noted that Congress was given the opportunity, at the time of its consideration of the 1984 amendments to the Bankruptcy Code, to exempt regularly conducted foreclosure sales from the avoidance powers under § 548. Congress had before it two proposals whose language would have mandated results contrary to *Durrett.* Section 575 of Subtitle K of the Senate Amendment, as a substitute for H.R. 5174, provided in part:

---

**1.** See *Can Mortgage Foreclosure Sales Really Be Fraudulent Conveyances Under § 548(a)(2) of the Bankruptcy Code?,* 22 Hous.L.Rev. 1221; *The Big Chill: Applicability of Section 548(a)(2) of the Bankruptcy Code to Noncollusive Foreclosure Sales,* 53 Fordham L.Rev. 813; Skenn, Liens and Liquidation: *Preferences, Strong Arm Clause, Fraudulent Transfers, Equitable Subordi-*

*nation, Priorities and Other Limitations on Liens Claims,* 59 Tul.L.Rev. 1401; Castanares, *Foreclosures in Bankruptcy: Are They Fraudulent Conveyances?,* 21 Idaho L.Rev. 527; and Roberts and Moriarty, *Mortgage Foreclosure Sales As Fraudulent Conveyances: The Durrett Issue,* 10 Okla.City U.L.Rev. 579.

Sec. 548(d)(2) of Title 11, U.S.Code is amended by adding at the end thereof the following:

(D) A secured party or third party purchaser who obtains title to an interest of the debtor in property pursuant to a regularly conducted noncollusive foreclosure, power of sale, or other proceeding or provision of nonbankruptcy law permitting or providing for the realization of security upon default of the borrower under a mortgage, deed of trust, security agreement or other lien, whether before or after the date of the filing of the petition, gives reasonably equivalent value to the debtor within the meaning of this section if such creditor or third party purchaser bids in the full amount of the debt secured by such mortgage, deed of trust, security agreement or other lien at such foreclosure sale.

S. 575, 98th Cong., 1st Sess. (1983).

A second proposal stated:

A secured party or third party purchaser who obtains title to an interest of the debtor in property pursuant to a good faith pre-petition foreclosure power of sale, or other proceeding or provisions of nonbankruptcy law permitting or providing for the realization of security agreement takes for reasonably equivalent value within the meaning of this section. S. 445, 98th Cong., 1st Sess. 360 [Cong. Record] (Feb. 3, 1983).

Neither of these proposals were adopted.

■ A hearing will be held in order to determine the value of reasonable equivalence and in order further to determine what remedy should be afforded to the debtor in the event the court finds that the sale in question fails to meet the reasonable equivalence test. Reasonable equivalence is not appraised value as that value is determined in an arms-length transaction between a willing buyer and a willing seller. The reasonable equivalence test refers to the value as of the date of the transfer in light of all the circumstances.

■ In connection with the determination of reasonable equivalence, the court will consider evidence of all the circumstances surrounding the foreclosure sale, including, but not limited to, marketability of the property, effect of a forced sale regarding value, the fair market value, the risks of redemption and avoidance, the relative difference in the amount paid compared to the fair market value, the bargaining position of the parties, whether there was competitive bidding at the sale, and efforts made to stimulate competitive bidding.

■ If the court finds the transfer should be voided, the court must then consider the debtors' remedy. Section 550 generally provides for recovery of the property. In *In re Smith*, 21 B.R. 345 (Bankr. M.D.Fla.1982), a Chapter 7 case, the court required the purchaser to return the real property to the debtor and the debtor to return all payments made by the purchaser and further provided if the debtor failed to reimburse the purchaser within 30 days, the purchaser would be entitled to a lien in the amount of its payments. The sale in *Smith* was not a mortgage foreclosure but rather an execution sale pursuant to a money judgment. Section 550 also allows for the recovery of the value of the property. See also *In re Belize Airways Ltd.*, 7 B.R. 601, 3 C.B.C.2d 315 (Bankr.S.D.Fla.1980). It has been suggested that the court could enter a judgment for the difference between the sales price and the value against a mortgagee who has sold, or caused to be sold, property for less than a fair value.[2] Some courts have allowed Chapter 13 debtors to deal with such property under a Chapter 13 plan and reinstate the original payment schedule. *In re Taddeo*, 9 B.R. 299 (Bankr.E.D.N.Y.1981), aff'd, 685 F.2d 24 (2d Cir.1982), and *In re Acevedo*, 9 B.R. 852 (Bankr.E.D.N.Y.1981).

The court concludes that an evidentiary hearing must be held to determine whether a reasonable equivalent value was received, whether the debtors were insolvent or became insolvent as a result of this transfer,

**2.** Roberts and Moriarty, *Mortgage Foreclosure Sales As Fraudulent Conveyances: The Durrett Issue,* 10 Okla.City U.L.Rev. 579.

and to determine the remedy to be provided if debtors prevail.

    ■. The court finds that the complaint as filed is deficient in that it does not allege anything as against FNMA and it does not allege many of the facts set out in the brief.

THEREFORE, IT IS ORDERED THAT THE COMPLAINT BE AND IT IS HEREBY STRICKEN WITH LEAVE TO AMEND; the Amended Complaint to be filed on or before December 18, 1987; defendants to respond by January 11, 1988. A pretrial conference is hereby set for 9:15 a.m. on January 22, 1988.