Roscoe T. SCHAFER, Trustee for the Estate of Gibson Products of Durango, Inc., a Colorado corporation, a bankrupt, Appellee,

v.

Charles HAMMOND, Appellant.

No. 71–1380.

United States Court of Appeals, Tenth Circuit.

March 14, 1972.

John W. Overholser, Montrose, Colo., for appellee.

Donald P. MacDonald, Denver, Colo., for appellant.

Before SETH and BARRETT, Circuit Judges, and MECHEM *, District Judge.

BARRETT, Circuit Judge.

Roscoe T. Schafer, trustee in bankruptcy for Gibson Products of Durango, Inc., a Colorado corporation, brought this action against Dr. Charles Hammond, Lester E. Kelgard and Gertrude Richards to recover assets of the corporation for the benefit of its creditors under Section 67d(2) (a) of the Bankruptcy Act. The property in question is a tract of land in Durango know as the "By-Pass" property. The lower court dismissed Mrs. Richards as a party defendant for want of jurisdiction and entered judgment against Hammond and Kelgard in ruling that the "By-Pass" property is a part of the bankrupt's assets. Dr. Hammond presents these issues on appeal:

1. Whether there was substantial evidence to support the finding that the bankrupt, Gibson Products of Durango, Inc., was insolvent on the material dates in question.

2. Whether the Court violated Mrs. Richards' right to due process in holding that she was not a bona fide purchaser of the "By-Pass" property when it did not have jurisdiction over her person.

3. Whether there was substantial evidence to support the finding that Dr. Hammond was not a bona fide purchaser.

4. Whether there was substantial evidence as a matter of law to grant the relief under Section 67d(2) (a) of the Bankruptcy Act.

The facts are basically not in dispute. Lester Kelgard was the principal stockholder of Gibson Products of Durango, Inc., its president and manager. The unimproved "By-Pass" property was acquired by the bankrupt on December 7, 1965 from I AM, INC. for $10,000 as a possible new site for the bankrupt's store. As part of a plan to gain financing for the building construction, the property was conveyed by the bankrupt to Mrs. Richards, Lester Kelgard's mother, in exchange for $10,000 of par value stock of the Gibson store which Mrs. Richards owned. This transfer was not approved at a stockholders' meeting of the bankrupt and only Lester Kelgard's signature appeared on the conveyance. This transfer was effected on March 7, 1967. The Gibson franchise for the Durango store had been revoked the previous day. The involuntary petition in bankruptcy was filed on April 10, 1967.

On April 3, 1967, Mrs. Richards contacted Dr. Hammond by telephone. He agreed to purchase the "By-Pass" property. He was to pay $2,000 down and execute a note for $8,000. He accepted a warranty deed from Mrs. Richards without checking the title. A receipt for the $2,000 down payment and the $8,000 note was executed on May 19, 1967 but backdated to April 3, 1967. Gibson Products of Durango, Inc. was adjudged a bankrupt on April 26, 1967. The value of the property was disputed but the trial court found, and we agree,

---

* Of the District of New Mexico, sitting by designation.

that the value of the property was about $18,000.

### Insolvency

Section 67d(1) (d) of the Bankruptcy Act defines insolvency as: " * * * a person is 'insolvent' when the present fair salable value of his property is less than the amount required to pay his debts; * * * ". The record discloses that the corporation's liabilities during March and April of 1967 exceeded $170,000. Lester Kelgard's estimate of the value of the bankrupt's assets was $167,000. However, the bankrupt's own bookkeeper valued its assets at only $114,385.75. The inventory taken by Trustee Schafer disclosed the value of the assets at $96,885.75. There is evidence that the bankrupt was having trouble paying its current bills for a period of several months before the involuntary bankruptcy proceedings were commenced. Kelgard testified that he had informed his mother that the company was having trouble meeting its obligations.

### Mrs. Richards

Dr. Hammond argues that the court did not have jurisdiction over Mrs. Richards and that any judgment affecting her property interests is without due process. Without deciding whether he has standing to raise this issue, we hold that the lower court had jurisdiction over the property in question. Under Section 67d(2) (a) of the Bankruptcy Act, any transfer of property by a debtor within one year of the filing of a petition in bankruptcy is fraudulent as to creditors existing at that time if the transfer is made without fair consideration and if the debtor is insolvent. The title to property transferred in violation of Section 67d(2) (a) is held by the trustee. He is obligated to recover the property from anyone who is not a bona fide holder for value. Schneider v. O'Neal, 243 F.2d 914 (8th Cir. 1957). The lower court held that Mrs. Richards' stock in Gibson's Products was worthless at the time the "By-Pass" property was

conveyed by the corporation to her. There is substantial evidence in the record to support this finding. The transfer was not made for good and adequate consideration.

### Dr. Hammond

We see no reason for Dr. Hammond to be treated any differently than Mrs. Richards. Dr. Hammond was a friend of Lester Kelgard. He had been a house guest of Kelgard at times when Mrs. Richards was staying with her son. Dr. Hammond, on at least one occasion, had viewed the "By-Pass" property with Kelgard. They had discussed the use of the property as a site for a new Gibson's store. Dr. Hammond had worked at the Gibson store of Durango and was familiar with its operation. Mrs. Richards telephoned Dr. Hammond in California and offered him the "By-Pass" property. He agreed to purchase the property for $10,000. Dr. Hammond paid $2,000 down and some time later he received a warranty deed. He then executed a promissory note to Mrs. Richards for the remainder of the purchase price in the amount of $8,000. The note and receipt for the down payment were backdated to a period of seven days before the bankruptcy petition was filed. Dr. Hammond prepared a deed of trust for Mrs. Richards' benefit, without her request, knowledge or acceptance. Considering the unusual facts of the sale, the inadequate purchase price, the lack of a title search or title insurance, we hold that the lower court was more than justified in ruling that Dr. Hammond was not a bona fide purchaser.

### Section 67d(2) (a)

Under Section 67d(2) (a) of the Bankruptcy Act, in order to nullify a transfer a trustee must prove that there was a transfer without fair consideration by a debtor who was or thereby became insolvent as a result of the transfer with creditors in existence at the time of the transfer. There is substantial evidence in support of the trial

18

court's findings that the transfer of Mrs. Richards' stock in the insolvent Gibson corporation was not fair consideration to support the corporation's conveyance of the "By-Pass" property to her; that the $10,000 which Dr. Hammond agreed to pay for the "By-Pass" property was not a fair consideration in light of the assessed value of $18,000; that Gibson's Products of Durango, Inc., had been in financial trouble for several months prior to the bankruptcy filing; that the corporation had debts of $170,000 and assets of only about $100,000, and was insolvent. There were many creditors who had an interest in the assets of the bankrupt.

The trial court's findings of fact are not to be disturbed unless clearly erroneous. Scaramucci v. Dresser Industries, Inc., 427 F.2d 1309 (10th Cir. 1970). We are satisfied that the trial court's findings are supported by substantial evidence.

We affirm.