THOMAS A. CLARK, Circuit Judge,
dissenting:
I dissent. Although I recognize our panel is bound by Durrett v. Washington National Insurance Co., 621 F.2d 201 (5th Cir. 1980), Durrett is simply wrong in its holding that a foreclosure sale is a transfer within the meaning of § 67(d). Subparagraph (2) of that section of the former Bankruptcy Act reads in part as follows:
Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this title by or against him is fraudulent ... if made or incurred without fair consideration by a debtor ... without regard to his actual intent;
11 U.S.C. § 107(d)(2).
A foreclosure sale by a mortgagee or trustee is not a transfer by the debtor, although done in his name pursuant to a power of sale in the mortgage or deed of trust. The debtor’s act which triggers foreclosure is the failure to fulfill some obligation in the promissory note which is secured by the mortgage or deed of trust. The creditor than declares the obligation due, forecloses, and sells at a public sale to the highest bidder. The mortgagor-trustor/bankrupt does nothing but default— that cannot be translated into a “transfer.” It is not a voluntary conveyance on his part. The power of sale vested in the mortgagee or trustee, when coupled with an interest as here, is a valuable property right acquired by that party at the time of the execution of the initial mortgage or trust deed.[1] *550 When that time is more than twelve months before the filing of the bankruptcy petition, the power of sale is vested absolutely in the mortgagee or trustee.
It is basic mortgage law that at the time of the foreclosure sale the purchaser (who may or may not be the mortgagee or trustee) takes the same title to the property which the mortgagor or trustor had at the time of the initial mortgage or trust deed, subject only to property taxes (and perhaps some statutory intervening limitations as changes in zoning, etc., and the right of redemption by the mortgagee with a specified number of days granted statutorily in some states), and free and clear of any intervening liens or mortgages placed against the property by the debtor or any judgment creditor.
By our decision here and in Durrett we cast a cloud upon mortgages and trust deeds. Foreclosure within twelve months before a filing creates a sale voidable by a trustee in bankruptcy if the public sale did not bring a “fair consideration.” It is generally known that such sales do not bring the best price, but most states, including Texas, mandate public sales when foreclosure is the creditor’s remedy. Many states, but not Texas, prohibit a deficiency judgment against the debtor unless the mortgagee obtains confirmation of the sale through a court proceeding where the fairness of the consideration is adjudicated.[2] Thus in those states a mortgagee who did not obtain judicial confirmation would be prohibited from filing a claim in the bankruptcy proceeding for the amount of the deficiency.
The cloud created over mortgages and trust deeds by making foreclosure sales subject to being voided by a bankruptcy trustee will naturally inhibit a purchaser other than the mortgagee from buying at foreclosure. This tends to depress further the prices of foreclosure sales and thus increase the potential size of the deficiency in each foreclosure in all six states comprising this circuit.
It is interesting to me that Durrett is the first case treating this problem — after 90 years of bankruptcy law and mortgages of a time greater than the memory of man. It again establishes what an imaginative lawyer can do when he adds persuasion.
I would affirm.

. Technically a mortgage does not contain a power of sale, while a deed of trust or deed to secure debt does contain such a power. However, in common parlance the generic term *550 “mortgage” embraces all forms of instruments creating a lien on realty for the purpose of securing a debt. Many contain powers of sale in order to avoid court proceedings which are necessary in strict mortgage states.

. See, e. g., Ga.Code Ann. § 67-1503 (confirmation of foreclosure sales under powers).