**In re Richard M. DUMONT, Debtor.**

**Richard M. DUMONT, Plaintiff,**

**v.**

**Aldo A. AIUDI, Celia A. Aiudi, Michael A. Aiudi, Vincent P. Ward and Estelle D. Ward, Defendants.**

**Bankruptcy No. 8500662.
Adv. No. 850062.**

United States Bankruptcy Court,
D. Rhode Island.

March 12, 1986.

Leon Aronson, Quincy, Mass., for debtor-plaintiff.

Oleg Nikolyszyn, Providence, R.I., for defendants Aldo A., Celia A. and Michael A. Aiudi.

Howard Croll, Fontaine & Croll, Ltd., Woonsocket, R.I., for defendants Vincent P. and Estelle D. Ward.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on defendants Aldo, Celia and Michael Aiudis' motion to dismiss[1] the debtor's complaint, for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Based upon the following facts, and for the accompanying reasons, the motion to dismiss is granted.

On April 4, 1985, the debtor purchased the premises at 836 Social Street, Woonsocket, Rhode Island for $40,000, and the defendant sellers, Aldo and Celia Aiudi, took back a purchase money mortgage in that same amount. The debtor soon began missing mortgage payments to the Aiudis, and a foreclosure sale took place on October 8, 1985, 9 days prior to the filing of the debtor's Chapter 13 petition. The property was purchased at the foreclosure sale for $42,000 by defendant Michael Aiudi, and

1. Although defendants Estelle and Vincent Ward did not file a separate motion to dismiss, they did file a Memorandum in Support of the Aiudis' Motion to Dismiss.

about two weeks later, on October 24, 1985, he sold the property to defendants Vincent and Estelle Ward for $70,000.[2]

In the instant adversary proceeding, the debtor-plaintiff seeks to set aside the foreclosure sale and the subsequent sale to the Wards, pursuant to 11 U.S.C. § 548(a), which provides that

[t]he trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation. . . .

One of the statutory requirements which must be met before a transfer may be avoided pursuant to 11 U.S.C. § 548(a)(2) is that the debtor was insolvent at the time the transfer was made, or thereby rendered insolvent. 11 U.S.C. § 101(29) defines the term *"insolvent"* as

financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—

(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and
(ii) property that may be exempted from property of the estate. . . .

Counsel for the debtor concedes that Mr. Dumont's assets exceeded his liabilities at all times relevant to this proceeding, but

argues nevertheless that the "balance sheet" test of insolvency is not applicable when determining whether a transfer is avoidable under 11 U.S.C. § 548(a)(2). Instead, he contends that the inability to pay debts as they matured (which would entitle the debtors to relief under Chapter 13) brings them within the meaning of the term "insolvent" in 11 U.S.C. § 548(a)(2)(B). We have been provided with no authority to support that assertion, and see no reason why we are not required to apply the statutorily defined balance sheet test of insolvency here. *See Consove v. Cohen (In re Roco Corp.),* 701 F.2d 978, 983 (1st Cir.1983).

Accordingly, even if all the plaintiff's allegations are accepted as true, he still fails to state a claim upon which relief can be granted, since an essential requirement for avoiding the transfer is missing. *See* 11 U.S.C. § 548(a)(2)(B)(i). Pursuant to Fed.R.Civ.P. 12(b)(6), defendants' motion to dismiss is granted.[3]

---

**2.** Defendants contend that $70,000 "is not a true reflection of the market value of the property since there were collateral agreements between defendants Michael Aiudi and Vincent and Estelle Ward which made the $70,000 price advantageous to both parties." Defendant Aiudis' Memorandum of Law in Support of Motion to Dismiss at 2.

**3.** It is unnecessary, in the context of this proceeding, for us to decide, as debtor requests,

whether to follow the Fifth Circuit holding that a regularly conducted, noncollusive foreclosure sale, resulting in a sale price of less than seventy percent of the property's appraised value, may be avoided if the sale occurred within one year of the bankruptcy filing, and the debtor was insolvent at the time of the sale or was thereby rendered insolvent. *See Durrett v. Washington National Insurance Co.,* 621 F.2d 201 (5th Cir. 1980).