In the Matter of IPI LIBERTY VIL-LAGE ASSOCIATES, Debtor.

IPI LIBERTY VILLAGE
ASSOCIATES, Plaintiff,

v.

SPALDING CORNERS ASSOCIATES,
Jansen P. Wong, and Dyanna
Wong, Defendants.

Bankruptcy No. 87–00424–3–11.
Adv. No. 87–0069–3–11.

United States Bankruptcy Court,
W.D. Missouri, W.D.

April 17, 1987.

See also, Mo.App., 751 S.W.2d 120.

Thomas R. Larson, Morris & Larson, P.C., Kansas City, Mo., for plaintiff.

Robert M. Modeer, Joseph Chiarelli, Hoskins, King, McGannon & Hahn, Kansas City, Mo., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING COMPLAINT FOR AVOIDANCE OF TRANSFER EFFECTED BY FORECLOSURE

DENNIS J. STEWART, Chief Judge.

The plaintiff seeks to set aside a pre-bankruptcy foreclosure sale of its mobile home park. The foreclosure sale was completed on August 1, 1986, and the trustee's deed was issued on or about the same date. The date of bankruptcy was January 30, 1987. The defendants were second deed of trust holders who purchased the property at the foreclosure sale for the approximate sum of $535,000.[1] The first mortgages had a balance due of approximately $420,000.[2] The plaintiff contends that the foreclosure sale effected an avoidable transfer within the meaning of 548(a)(2) of the Bankruptcy Code, within the year next preceding bankruptcy, while the debtor was insolvent and for "less than a reasonably equivalent value." In support of the contention that the foreclosure sale was not for "reasonably equivalent value," the plaintiff has, in the hearing of the merits of the action which was held on April 7, 1987, offered opinion testimony of Dyanna Wong and of a qualified expert witness which it claims converges on the conclusion that the property's value is in the vicinity of $950,000–$1,-000,000. Thus, the foreclosure price of $535,000 would be significantly less than 70% of the value of the property within the meaning of *Durrett v. Washington Nat. Ins. Co.*, 621 F.2d 201, 203 (5th Cir.1980) ("We have been unable to locate a decision of any district or appellate court dealing only with a transfer of real property as the subject of attack under section 67(d) of the

---

1. There was an underlying debt consisting of $69,010 due on a second mortgage, $331,695 on the first mortgage, $20,317 in delinquent taxes. Thus, $113,358 was bid above the encumbrances for a total sale price of $534,380.

2. See note 1, *supra.*

Act, which has approved the transfer for less than 70 percent of the market value of the property.") The defendants, however, produced the testimony of an expert witness, Tom Rule, who rendered his opinion to the effect that the property was of a value of $725,000. The court orally announced its reasons for adopting the opinion testimony of Mr. Rule and those on-the-record remarks are hereby incorporated herein by reference. Briefly to summarize them, it must be mentioned that this witness had a total of 27 years in the business of real estate appraising and allied fields; had professional educational, licensing and professional association memberships of clearly superior character; was familiar with the property in question; and developed his opinion through several different, but converging, methods of appraisal.

If the property thus foreclosed had—as found by this court—a value of $725,000, the sum paid at foreclosure by the defendants—$535,000—is clearly more than 70% of the foreclosed property. And 70% of value is said by the majority of decisions to constitute "reasonably equivalent value" within the meaning of section 548(a)(2), *supra*.

Plaintiff contends, however, that, in determining whether the 70% level is reached, the bankruptcy court can only consider the value paid by the purchaser *above* the total balances on the mortgages as compared with the equity value which the debtor would have. Thus, in the action at bar, it is contended that the excess value was some $200,000 which the debtor would have had as equity, while the amount paid above the balances due was $113,000. Thus, the amount paid would not reach the level of constituting 70% of the estate's value. This method of calculation was adopted by the court in *In re Richardson*, 23 B.R. 434, 441–442 (Bkrtcy.D.Utah 1982), in which it was said that:

"the Court should compare the bid to the equity remaining in the property after subtracting the post-sale liens from the value' of the property ... (This) method avoids the defects of the other three

methods by first factoring prior liens out of the problem."

But, in the seminal case, *Durrett v. Washington National Insurance Co., supra*, it was simply contemplated that "the courts ... compare ... the cash bid received at the sale with the market value of the property to reach a percentage." *In re Richardson, supra*, at 441, n. 11. See also and compare, *In re Madrid*, 21 B.R. 424, 426 (9th Cir. BAP 1982). This court, after examining the authorities and comparing them, believes that the rule which simply compares the amount paid with the value of the property is the rule which is more in consonance with bankruptcy law. It is not for the bankruptcy courts to look at such transfers with an eye as to how much potential equity there is for the estate. Rather, the concept of "reasonably equivalent value" focuses on the general fairness of the purchase price paid. The better rule holds that if it is in proper relation to the value of the property, the bankruptcy court is foreclosed from reconsidering the sale which has taken place under state law. And further, to penalize one creditor for paying a percentage equal to what the cases hold to constitute reasonably equivalent value because of the accident that it has greater equity potential for the estate would violate the paramount policy of bankruptcy—that of equality of treatment of creditors. For these reasons, this court adopts the rule of *Durrett, supra*, and *Madrid, supra*, in computing the percentage of value given to value of the property.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that the within complaint for avoidance of the foreclosure sale under section 548(a)(2) of the Bankruptcy Code be, and it is hereby, denied.