**In re IPI LIBERTY VILLAGE ASSOCIATES, Debtor.**

**IPI LIBERTY VILLAGE ASSOCIATES, Appellant,**

v.

**SPALDING CORNERS ASSOCIATES, Appellee.**

No. 87–0713–CV–W–5.
Bankruptcy No. 87–00424–3–11.
Adv. No. 87–0069–3–11.

United States District Court,
W.D. Missouri, W.D.

Nov. 16, 1987.

Thomas R. Larson, Courtney Fuchs–Swisher, Morris, Larson, King & Stamper, Kansas City, Mo., for appellant.

Robert· Modeer, Hoskins, King, McGannon & Hahn, Kansas City, Mo., for appellee.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

This is an appeal from an order of the United States Bankruptcy Court for the Western District of Missouri. The facts underlying this action are essentially beyond dispute. The plaintiff/appellant in this action has appealed on three grounds. For the following reasons, the decision of the Bankruptcy Court is affirmed.

### Factual Background

IPI Liberty Village Associates (IPI) is a California limited partnership that filed a voluntary bankruptcy petition under Chap-

ter 11 of the Bankruptcy Code on January 30, 1987.

On February 18, 1987, IPI filed a complaint to set aside a pre-bankruptcy foreclosure sale pursuant to Title 11 U.S.C. § 548, alleging that the sale had not rendered "reasonably equivalent value" of the property. This matter had been previously litigated in the case of *IPI Liberty Village Associates v. Spalding Corners Associates, et al.*, Case No. CV186–4476CC in the Circuit Court of Clay County, Missouri. The Circuit Court found for the defendants on this and all other issues.

The foreclosure sale in question was completed on August 1, 1986. The defendants/appellees were second deed of trust holders who purchased the property at the foreclosure sale for approximately $535,-000.00. The first mortgage had a balance due of approximately $420,000.00.

The basis for this appeal is the valuation of the foreclosed property. The plaintiff/appellant contends that value given at the foreclosure sale was not "reasonably equivalent value" according to the terms of 11 U.S.C. § 548. The defendants/appellees, however, produced testimony of an expert witness that the property was worth $725,000.00. The Bankruptcy Court found that the property was worth $725,000.00 and that the $535,000.00 sum given at the foreclosure sale constitutes "reasonably equivalent value" under 11 U.S.C. § 548.

## Standard of Review

Under Bankruptcy Rule 8013, a district court must accept the bankruptcy judge's findings of fact unless they are clearly erroneous. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Kidder Skis International v. Williams*, 60 B.R. 808, 809 (W.D.Mo.1985), *citing United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

■ Conclusions of law are subject to *de novo* review by the reviewing court. "An appellate court has the power to correct errors of law, including 'a finding of fact that is predicated on a misunderstanding of the governing rule of law.' " *In re Martin*, 761 F.2d 472, 475 (8th Cir.1985), *quoting Bose Corp. v. Consumers Union of United States*, 466 U.S. 485, 501, 104 S.Ct. 1949, 1960, 80 L.Ed.2d 502 (1984).

## Discussion

### I. *The Market Value of the Property.*

■ The plaintiff/appellant claims that the Bankruptcy Court erred in its finding of fact that the trailer park had a value of $725,000.00. This evidence, presented by Mr. Tom Rule for the defendants/appellees, was controverted by the plaintiff/appellant's witnesses, who valued the property at approximately one million dollars. The Bankruptcy Court was persuaded by the testimony of Mr. Rule, who had 27 years of experience in the business of real estate appraising and allied fields; had professional educational, licensing and professional association memberships of clearly superior character; was familiar with the property in question; and developed his opinion through several different, but converging, methods of appraisal.

There is ample evidence in the record to support the Bankruptcy Court's conclusion that the trailer park had a value of $725,-000.00. It is the position of this Court that, giving due regard to the opportunity of the Bankruptcy Court to judge the credibility of the witness, the findings of the Bankruptcy Court are not clearly erroneous. Therefore, the valuation of the property determined by the Bankruptcy Court must stand.

### II. *The "Reasonably Equivalent Value" of the Property.*

■ Also at issue on appeal is whether the debtor received "reasonably equivalent value" for the property sold at foreclosure sale. This is significant because Title 11 U.S.C. § 548(a) provides that a transfer of a debtor's interest in property made within one year before filing bankruptcy may be avoided if the debtor received less than a reasonably equivalent value in exchange for the property. In the area of property

foreclosures, the *Durrett* Rule is usually applied, suggesting that 70% of the property value is reasonably equivalent. *See Durrett v. Washington Nat'l Ins. Co.*, 621 F.2d 201 (5th Cir.1980).

The issue presented on appeal is what method of computation must be used by the Bankruptcy Court in determining if the 70% *Durrett* guideline has been met. The plaintiff/appellant argues that the Court erred in refusing to use the method set forth in *In re Richardson*, 23 B.R. 434 (Bkrtcy.D.Utah 1982). The defendant/appellee, however, contends that it was proper for the Bankruptcy Court to utilize the method of computation developed in *In re Madrid*, 10 B.R. 795 (Bkrtcy.D.Nev.1981). It is the conclusion of this Court that the Bankruptcy Court did not err in applying the *Madrid* method of computation.

The Eighth Circuit has not ruled on the method of computation issue presented in this case. The plaintiff/appellant relies on the Eighth Circuit decision in *In re Hulm*, 738 F.2d 323 (8th Cir.1984), to argue that the Eighth Circuit would not follow *Madrid*. This argument, however, ignores the fact that the *Hulm* decision does not criticize the *Madrid* lower court's formula for determining the figures used in the *Durrett* analysis; but, instead, criticizes the Bankruptcy Appellate Panel's conclusion that a foreclosure sale conducted without fraud or collusion could not be set aside because the foreclosure sale itself establishes the reasonably equivalent value of the property. *Hulm*, 738 F.2d at 327.

In the case at bar, the Bankruptcy Court rejected the equity approach adopted by the *Richardson* court. This approach subtracts the surviving senior encumbrances from the fair market value of the property to arrive at an equity figure which is then compared to the "in-hand" cash proceeds received at foreclosure. *Richardson*, 23 B.R. at 442.

In considering the *Richardson* equity approach, the Bankruptcy Court noted that the *Durrett* opinion contemplated that the courts compare the cash bid received at the sale with the market value of the property in order to get a percentage for reasonably

equivalent value. The Bankruptcy Court concluded that "the rule which simply compares the amount paid with the value of the property is the rule which is more in consonance with bankruptcy law."

It is the conclusion of this Court that the Bankruptcy Court did not err in applying the law to this case. Therefore, the Bankruptcy Court's decision must stand.

III. *Exclusion of Evidence Concerning the Foreclosure Sale.*

■ The plaintiff/appellant in this case argues that the Bankruptcy Court erred in excluding evidence of improprieties surrounding the foreclosure sale: lack of default on the part of the debtor and lack of notice on the part of the debtor at the time of foreclosure. These issues of default and notice were both tried on the merits in prior state court litigation between the parties and resolved against the plaintiff/appellant.

It is well-settled that res judicata is intended to ensure finality of decisions. "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979), *quoting Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Res judicata fosters reliance on court decisions, bars vexatious litigation, and allows the court to settle other disputes. *Brown*, 442 U.S. at 131, 99 S.Ct. at 2209.

In light of the judicial policy favoring res judicata, this Court is convinced that the Bankruptcy Court did not err in refusing to allow evidence of the alleged improprieties surrounding the foreclosure sale. Therefore, the decision of the Bankruptcy Court must stand.

**Conclusion**

Based on the foregoing reasons, it is hereby ORDERED that the ruling of the Bankruptcy Court is affirmed.