**In re Claudette FRANK, Debtor.**

**Bankruptcy No. 183–30836–18.**

United States Bankruptcy Court, E.D. New York.

Nov. 24, 1987.

Joseph Lipofsky, Legal Director, Lawrence, N.Y., for debtor.

Dollinger, Gonski, Grossman, Permut & Hirschhorn, Carle Place, N.Y., for Milton Berlin and Constance Klein.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

The debtor moves this court for an order pursuant to § 549 of the Bankruptcy Code (the "Code") vacating the transfer of her real property to Milton Berlin and Constance Klein (the "Purchasers") who purchased her interest in a duly conducted, post-petition, state court foreclosure action.

The facts are considerably more complex than the law to be applied in this case. For the sake of brevity, in what could otherwise become a tortuous exposition of irrelevant data, only those facts necessary to apply the law invoked by the debtor in this case will be recited. Further factual details of prior, related activity in this case can be found in an opinion written by Bankruptcy Judge Manuel Price who formerly presided over this case. *Frank v. Berlin (In re Frank)*, 39 B.R. 166 (Bankr.E.D.N.Y. 1984).

The debtor, an individual, filed a Chapter 11 petition on April 25, 1983 at which time the automatic stay provided by § 362 of the Code went into effect. On September 19, 1984, some seventeen months later, this court vacated the automatic stay to permit the mortgagee of the debtor's real property to proceed with its remedies in state court. The debtor was in substantial arrears on her post-petition mortgage payments.

On January 22, 1985 Hon. Francis X. Becker of Supreme Court, County of Nassau, entered a judgment of foreclosure and sale against the debtor in favor of the mortgagee. A foreclosure sale was held on May 23, 1986 at which the Purchasers were successful bidders, and a deed was executed and delivered by the sheriff on December 3, 1986.

By this motion, debtor invokes the provisions of § 549 which provide in relevant part as follows:

§ 549. Postpetition transactions.

(a) Except as provided in subsections (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) made after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

Based on a plain reading of the statute and reference to the applicable facts, it is manifest that the debtor is not entitled to the relief requested. Once a bankruptcy court vacates an automatic stay permitting a creditor to proceed in state court to enforce its rights, further approval of this court is not necessary. Lifting of the automatic stay to permit routine state court adjudication of mortgage rights fulfills the statute's requirement of "authoriz[ation] ... by the court."

Debtor's counsel urges the court to consider whether reasonably equivalent market value was received by the debtor and, thus, would have us embark on an analysis of § 548 of the Code and conflicting cases generated thereby, most notably *Durrett v. Washington National Insurance Co.*, 621 F.2d 201 (5th Cir.1980); *Madrid v. Lawyers Title Insurance (In re Madrid)*, 725 F.2d 1197 (9th Cir.1984). However, these cases involve attempts to set aside pre-petition transfers as fraudulent conveyances, which involves an element of "reasonably equivalent value in exchange for such transfer," a situation

quite distinct from the facts presented herein.

"Clearly Code § 548(d) is not concerned with the sort of post-petition activity which Debtor seeks to nullify herein. ... While the *Durrett* rationale certainly brings most foreclosure sales within the one year period of vulnerability [sic], the decision does not alter the language of Code § 548(a) which looks to transfers of property interests occurring *prior to* the filing of the petition." *Nemeti v. Seaway National Bank (In re Nemeti),* 65 B.R. 391, 395 (Bankr.N.D.N.Y. 1986) (emphasis in original). *Accord In re Earl Roggenbuck Farms,* 51 B.R. 913 (Bankr.E.D.Mich.1985).

For all the foregoing, the motion is denied.

SO ORDERED.