In the Matter of PARK NORTH PART-NERS, LTD., a Florida Limited Partnership, (f/k/a Florida Realty Partners, Ltd., XXV), Debtor.

PARK NORTH PARTNERS, LTD., Plaintiff,

v.

PARK NORTH ASSOCIATES, Michel Brasseur, and Duffle Corp. Defendants.

Bankruptcy No. A85–03974–ADK.
Adv. No. 85–0828A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

As Amended May 23, 1988.

May 10, 1988.

Lewis E. Hassett, Aiken & Ward, Atlanta, Ga., for plaintiff.

Luther J. Carroll, III, Abney, Tate & Mallernee, Atlanta, Ga., for defendant.

### MEMORANDUM OF OPINION AND ORDER

A. DAVID KAHN, Chief Judge.

Plaintiff–Debtor filed the above-styled adversary Complaint seeking certain relief against the Defendants. The Complaint contained five counts. In a Judgment entered March 26, 1987, the Court found for the Defendants on all counts. Plaintiff–Debtor appealed this holding, and the District Court remanded the proceeding on Count III of the Complaint to this Court pursuant to its Order entered December 11, 1987, in Case Number 1:87–cv–1028–RHH.

In Count III, Plaintiff–Debtor alleges that the foreclosure in question constitutes a voidable preference within the meaning of 11 U.S.C. § 547. The Court notes that Plaintiff–Debtor did not strongly advocate its theory for recovery under § 547 before this Court. The main thrust of Plaintiff–Debtor's arguments in the previous proceedings before this Court focused upon Plaintiff–Debtor's allegations that the foreclosure in question constituted a fraudulent conveyance pursuant to 11 U.S.C. § 548 [Count II], that the foreclosure was improperly advertised, thus chilling the bidding [Count IV], and that Defendant failed to account for surplus proceeds arising out of the foreclosure [Count V]. As a consequence, this Court dealt with the theory that the foreclosure constituted a preference only in a cursory manner in the decision entered March 26, 1987.

The District Court specifically remanded the proceeding to this Court for a determination of whether the foreclosure sale enabled Defendant to receive more than it would have received in a Chapter 7 liquidation thus establishing the fifth and final element for a preference under § 547. A hearing was held on this issue on April 13, 1988. The Court also heard Plaintiff–Debtor's Motion for Appointment of Receiver. These matters were then taken under advisement.

After consideration of the evidence presented and argument of counsel, the Court finds that the value of the property at the time of the filing of Plaintiff–Debtor's petition for relief under Chapter 11 of the Bankruptcy Code, August 2, 1985, was $1,100,000.00. The Court also finds that the Defendant, Park North Associates, by foreclosing received a transfer of Plaintiff–Debtor's property. *See Park North Partners, Ltd. v. Park North Assoc. (In re Park North Partners, Ltd.),* 80 B.R. 551, 555 (N.D.Ga.1987). As the Parties have previously stipulated, on the date of foreclosure the property had a fair market value of $1,050,000.00, and Defendant's debt was $857,209.83. Thus, using the District Court's analysis of § 547, the Court finds that Defendant did receive more than it would have under a Chapter 7 liquidation, because under such a liquidation, Defend-

ant would have received only the amount of its debt.

As stated above, this proceeding was remanded to this Court with the direction that the Court make a determination of whether the Defendant received more than it would have under a Chapter 7 liquidation. Although this Court will make such a determination, it does so reluctantly and most respectfully urges the *District Court*, in the event this Judgment is appealed, *to reconsider* its holding that a nonjudicial foreclosure sale held pursuant to state law can constitute a preference under § 547 of the Bankruptcy Code. The Court firmly believes that a foreclosure can *never* constitute a preference as that was not the type of transfer Congress intended to be recaptured by the trustee in bankruptcy through § 547. If the transfer is to be recovered at all, it must be through the fraudulent transfer provisions of the Code or state law.

The Court notes that there is only one reported case, *Federal Nat'l Mortgage Ass'n v. Wheeler (In re Wheeler)*, 34 B.R. 818 (Bankr.N.D.Ala.1983), which applies § 547 in the setting of a nonjudicial foreclosure. The Court further notes that *Wheeler*, upon which the District Court relies, contains no discussion or analysis of its conclusion that the foreclosure in question constituted a preference. As will be discussed below, a nonjudicial foreclosure *cannot and should not* be set aside as a preference under § 547.

Sections 726 and 507 of the Bankruptcy Code set out the order of distribution to creditors of property of the estate. No provision is made for distribution to secured creditors. This is because a fully secured creditor is not entitled to a distribution of property of the estate. Rather, it is entitled to its collateral to the extent of its lien. Section 547(b) provides that a transfer may be recovered if the following five elements are established:

That the transfer was

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

\* \* \* \* \* \*

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

In discussing the fifth element of a preference, the legislative history states that "the transfer must enable the creditor to or for whose benefit it was made to receive a greater percentage of his claim than he would receive under the *distributive provisions of the bankruptcy code.*" H.R.Rep. No. 595, 95th Cong., 1st Sess. 372 (1977) U.S.Code Cong. & Admin.News 1978, 5787, 6328 (emphasis added). As a *secured* creditor receives *no* distribution under chapter 7, it is not logical to attempt to apply the fifth element of a preference to its claim. To do so is like comparing apples to oranges.

Alternatively, the second element of a preference has not been satisfied; there has been no transfer "for or on account of an antecedent debt." § 547(b)(2). At the time of the foreclosure, Defendant had a secured claim for approximately $857,-209.83. The parties have stipulated that the property had a fair market value of $1,050,000.00 on the day of foreclosure. In the instant complaint, Plaintiff seeks to recover the difference between Defendant's debt and the fair market value of the property under the theory that that amount constitutes a preference. The transfer of that amount, the surplus, was not a transfer for or on account of an antecedent debt. It was a windfall to the creditor. If it can be recovered by Plaintiff, it must be recovered *under* a *fraudulent transfer* theory. However, as the Court found in its previous decision entered March 26, 1987, the surplus cannot be recovered as a fraudu-

lent transfer under the facts of this case because Plaintiff did not receive less than reasonably equivalent value for the transfer according to the case of *Durrett v. Washington Nat'l Ins. Co.*, 621 F.2d 201 (5th Cir.1980). *See Park North Partners, Ltd. v. Park North Assoc. (In re Park North Partners, Ltd.)*, 72 B.R. 79 (Bankr. N.D.Ga.1987), in that the foreclosure bid exceeded 70% of the fair market guidelines set out in *Durrett.*

To hold that a nonjudicial foreclosure can constitute a preference would have grave ramifications on the state system of foreclosures. Any time the successful bid was not *100%* of the fair market value, the foreclosure would be subject to avoidance if the debtor decides to file bankruptcy within 90 days of the foreclosure. Unlike the *Durrett* decision which only allows avoidance of a transfer if the consideration for that transfer was less than 70% of the value of the property, the holding of the District Court in the case *sub judice* has no such limitation; thus, *all* foreclosures in which the successful bid is below the fair market value by *any* amount would be subject to avoidance.

Real estate lenders almost always loan less than the fair market value of the property in order to have adequate security. To require them to foreclose at fair market values would in effect be forcing the lender to finance 100% of a transaction for the benefit of the debtor or his creditors. For example, the debtor buys a house with a fair market value of $100,000.00 and finances $80,000.00 of the purchase price with a local savings & loan association. The debtor soon defaults and, within 90 days of bankruptcy, the savings & loan association forecloses. At the foreclosure, it buys in the property for the total amount of its debt, $80,000.00. Subject to the fraudulent conveyance limitations of *Durrett* of 70%, it would be unconscionable to require the lender to pay $20,000.00 to the debtor's trustee as a preference. This would mean that the savings & loan association would end up financing 100% of the cost of the house. That was not the bargain it struck with the debtor.

The holding of the District Court could also be extended to foreclosures on personal property under the Uniform Commercial Code. Allowing such an application of § 547 to foreclosures would jeopardize every commercial sale under the Uniform Commercial Code occurring within 90 days of bankruptcy and would also allow debtors to time their bankruptcy filings in order to take advantage of fluctuating markets.

Conceptually then, a *preference* cannot be created if, within 90 days of bankruptcy, a secured creditor forecloses on his collateral and buys it in for at least the amount of his debt. At *that* time, the rights of the parties are fixed. Only when a secured creditor gets property at an unconscionably low price are *new* rights created and then only in the form of a *fraudulent conveyance* claim with the 70% rule of *Durrett* controlling.

However, as stated above, the Court will enter a judgment in line with the District Court's direction on remand. The Court finds that Plaintiff–Debtor is entitled to a money Judgment in the amount of $192,790.17, which is the fair market value of the property on the date of foreclosure ($1,050,000.00) less the amount of the Defendant's debt on the date of foreclosure ($857,209.83).

Plaintiff–Debtor has also moved this Court for an appointment of a receiver. Pursuant to § 105(b) of the Bankruptcy Code, the Court declines to grant Plaintiff–Debtor's Motion.

### ORDER

In accordance with the reasoning above, IT IS THE ORDER OF THE COURT that, as the foreclosure in question constituted a preference pursuant to 11 U.S.C. § 547, Plaintiff–Debtor is entitled to a money judgment in the amount of $192,790.17.

IT IS THE FURTHER ORDER OF THE COURT that Plaintiff–Debtor's Motion for Appointment of Receiver be, and the same hereby is, DENIED.

An appropriate Judgment is entered contemporaneously herewith.

IT IS SO ORDERED.