**In re Edward WINTERS, Jr., Debtor.**

**Edward WINTERS, Jr., Plaintiff,**

**v.**

**FIRST UNION NATIONAL BANK OF FLORIDA, Defendant.**

Bankruptcy No. 88–2216–BKC–3P1.

Adv. No. 89–74.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 23, 1990.

Marshall W. Liptak, Casselberry, Fla., for plaintiff.

Frederick R. Brock, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon complaint filed pursuant to 11 U.S.C. §§ 547 and 548 seeking to avoid the transfer of realty by the defendant. A trial was held on May 30, 1990, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

Plaintiff was the principal in Edward Winters Plumbing, Inc. In 1976 he individually purchased a parcel of property for $41,000, which became the business office headquarters of the corporation. In 1983, he borrowed $15,000 from the defendant, secured by a first mortgage on the property.

The plaintiff listed the property for sale at $79,900 for ten months without finding a buyer.

Plaintiff defaulted and the defendant foreclosed on the property. At the foreclosure sale on August 31, 1988, the defendant purchased the property for $14,284.26 (the amount of indebtedness owed the defendant by the plaintiff). The defendant then listed the property for $60,000 and eventually sold the property for $30,000 (the first offer it received).

Within 90 days of the foreclosure sale, the plaintiff filed a case under Chapter 11. Plaintiff has filed this adversary proceeding arguing that the purchase at the foreclosure sale constitutes either a preferential transfer under 11 U.S.C. § 547 or a fraudulent transfer under 11 U.S.C. § 548.

## CONCLUSIONS OF LAW

### Preferential Transfer

11 U.S.C. § 547 provides in relevant part:
(b) ... the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

■ This Court has previously held that the levy and sale of a debtor's homestead may constitute a preference pursuant to 11 U.S.C. § 547. *In re Smith,* 21 B.R. 345, 350 (Bkrptcy.M.D.Fla.1982). Although the Court was dealing with a Sheriff's sale of exempted homestead property, the rationale is analogous to the case at bar. The Court finds that the foreclosure sale was a "transfer of an interest" as contemplated by the Bankruptcy Code. This transfer was made on account of antecedent debt, while the debtor was insolvent, within 90 days of the filing of the petition based on the undisputed facts developed at trial. It is also undisputed that had the debtor sold the property, defendant would have received only $14,284.26, the amount of the indebtedness, as opposed to the $30,000 it received through the ultimate sale. Obviously, the defendant received more than it would have had the transfer not been made.

The Court concludes that the foreclosure sale was as a preferential transfer to defendant, subject to avoidance under 11 U.S.C. § 547.

### Fraudulent Transfer

11 U.S.C. § 548 provides in relevant part:
(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obli-

gation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an. unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's inability to pay as such debts matured....

■ This adversary proceeding is governed by the analysis of *Durrett v. Washington National Ins. Co.*, 621 F.2d 201 (5th Cir.1980)[1] and its progeny. *Durrett* concluded that a foreclosure sale can be a "transfer" within the meaning of § 548 and defined a "reasonably equivalent value" to be in the range of 70 percent of the market value. The Eleventh Circuit has recently receded from applying the 70 percent figure as an absolute in determining reasonably equivalent value. *In re Littleton*, 888 F.2d 90 (11th Cir.1989). The court in that case looked to "the doing of equity" in determining that there was little or no equity in the property and emphasized that the foreclosing creditor did not receive any value from property that would belong to the estate. In so doing that court found 63.49 percent of fair market value to constitute reasonably equivalent value. *Id.* at 94.

In this adversary proceeding the Court examines the foreclosure sale price of $14,-284.26, the post foreclosure offering price of $60,000, the subsequent sale price of $30,000, and finds the result inequitable as a matter of law. Under either § 547 or § 548, plaintiff is entitled to prevail.

### Damages

■ In computing damages the Court looks to 11 U.S.C. § 550 which provides in relevant part:

(a) ... to the extent that a transfer is avoided under section ... 547, 548 ... of this title, the trustee may recover, for the benefit of the estate, the property

transferred, or if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made....

In this adversary proceeding the defendant is the appropriate party to answer as it is both the initial transferee and the entity which benefitted from the transfer. In determining value of the property transferred the Court takes the sale price of $30,000 as fair market value. The Court finds damages to be $15,715.74 (the difference between the amount owed defendant and the ultimate sale price of the property).

### CONCLUSION

The Court will, by separate order, enter Final Judgment in favor of plaintiff, Edward Winters, Jr.

---

1. The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981),

adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.