In re Hermelinda M. HERNANDEZ, Debtor.

Hermelinda M. HERNANDEZ, Plaintiff,

v.

Juan A. and Yolanda C. CANTU, The County of Webb, The City of Laredo, The Laredo Municipal Junior College District and The Laredo Independent School District, Defendants and Third Party Defendants.

Bankruptcy No. 92–20008–L–13.
Adv. No. 92–02017–L.

United States Bankruptcy Court,
S.D. Texas,
Laredo Division.

Jan. 25, 1993.

Guillermo G. Alarcon, Laredo, TX, for Laredo Municipal Junior College Dist.

Ricardo De Anda, Laredo, TX, for City of Laredo.

Lauro Benavides, Laredo, TX, for Cantu.

A. Cronfel Meurer, Laredo, TX, for debtor.

## MEMORANDUM OPINION ON COMPLAINT TO RECOVER PROPERTY

RICHARD S. SCHMIDT, Bankruptcy Judge.

On this day came on for consideration the Debtor, Hermelinda Hernandez', (the "Debtor") Complaint to Recover Property. The Court, having heard the arguments of

counsel, and having reviewed the pleadings and briefs on file herein, finds that Debtor is entitled recover her property as requested in her Complaint. In support thereof, the Court finds as follows:

On August 7, 1990, the County of Webb, the City of Laredo, the Laredo Municipal Junior College District, and the Laredo Independent School District (collectively referred to herein as the "Taxing Authorities"), obtained a judgment against the Debtor for unpaid real property taxes in the amount of $14,545.54. The judgment also found that the real property had a value of $44,244.00. The property was then sold to Juan A. Cantu and Yolanda C. Cantu (the "Cantus") for $16,900 at Sheriff's sale on November 5, 1991. The Sheriff's Deed was executed on November 18, 1991.

The Debtor filed her Chapter 13 Bankruptcy Petition on January 3, 1992, and initiated this Adversary Proceeding February 10, 1992. The Debtor alleges that the transfer is voidable under 11 U.S.C. § 548 because the Debtor was insolvent at the time of the transfer and the seller received less than reasonable equivalent value. *Durrett v. Washington National Ins. Co.*, 621 F.2d 201 (5th Cir.1980).

11 U.S.C. § 548(a)(2) allows the trustee to avoid any voluntary or involuntary transfer made within one year of bankruptcy if the Debtor received less than reasonably equivalent value and was insolvent. 11 U.S.C. § 548(a)(2)(A) & (B)(i). A Chapter 13 Debtor "has standing to assert the trustee's avoidance powers in their entirety." *In re McKeever*, 132 B.R. 996, 1004 (Bankr.N.D.Ill.1991); *In re Robinson*, 80 B.R. 455 (Bankr.N.D.Ill.1987). Based on the dates set forth above, the transfer, here the sheriff's sale, occurred within one year of bankruptcy.

■ The Court finds that the Debtor was insolvent at the time of the transfer. The Court further finds that the Debtor received less than reasonably equivalent value. Although no evidence was presented as to the value of the property, the principal of res judicata applies, and the Court finds that the value of the property

was the value found by the State Court, $44,244.00. The sales price of $16,900, is approximately 38.2% of the value of the property. In *Durrett, supra.*, the Fifth Circuit found that a sales price of 57.7% was less than reasonably equivalent value. The Court therefore finds that the transfer here was for less than reasonably equivalent value.

The Taxing Authorities argue that *Durrett* does not apply to judicial sales. Although *Durrett* involved a non-judicial foreclosure sale, cases following *Durrett* have clearly expanded the holding. *Butler v. Lomas & Nettleton Co.*, 862 F.2d 1015 (3d Cir.1988); *In re Lasser & Kahn*, 68 B.R. 492 (Bankr.E.D.N.Y.1986); *In re McKeever, supra.; In re Richardson*, 23 B.R. 434 (Bankr.D.Utah 1982).

■ The Debtor is entitled to recover her homestead from the Cantus under 11 U.S.C. § 548(a) and § 550(a). The Cantus, who purchased the property at the sheriff's sale, argue that they are mediate bona fide purchasers for value and, as such, are protected by § 550(b) of the Bankruptcy Code. The Court finds that the Cantus are the initial transferees of the property because the sheriff's sale is a separate and distinct event from the Taxing Authorities' lien. This Court agrees with the holding in *McKeever:*

The defendant, however, argues that the debtors cannot recover from her because she is an immediate transferee of the initial transferee (the local government collecting the taxes) who took for value in good faith without knowledge of the transfer avoided and she is therefore protected by § 550(b). As previously discussed herein, this argument mischaracterizes the tax deed transfer to be avoided as a mere assignment of the taxing authority claims to the tax sale purchaser. The Court finds that the tax sale and tax deed transfer were not a replacement or substitute for the prior tax lien since the rights transferred were of an entirely different nature. The initial transferee of the transfer to be avoided was the tax sale purchaser herself and thus

§ 550(b) is not applicable and the debtors may recover from her.

—132 B.R. 996, 1013–1014.

 The Cantus must, therefore, return the property to the Debtor. Section 548(c) of the Bankruptcy Code provides that the Cantus have a lien on the property for the purchase price, plus interest at the rate of 10% per year, the current post judgment rate of interest in Texas. A separate Order shall be entered herewith.